HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLEN G. and DONNA L. JONES,<br><br>      Plaintiffs,<br><br>  v.<br><br>WELLS FARGO HOME MORTGAGE, et al.,<br><br>      Defendants. | No. 12-cv-5500-RBL<br><br>ORDER<br><br>(Dkt. #10) |

  Defendant Wells Fargo Home Mortgage moves here for summary judgment on Plaintiffs' claims arising from the anticipated foreclosure of their residential property. (*See* Defs.' Mot. to Dismiss and/or for Summ. J., Dkt. #10; *see also* Compl., Dkt. #1, Ex. A.)  The Complaint appears to be a generalized statement of law related to mortgages, but it contains no factual allegations relating to any of the Defendants.  According to Defendants, Plaintiffs borrowed $435,000 in September 2006 in order to purchase a residential property, executing both a promissory note and deed of trust in the process. (Defs.' Mot. for Summ. J. at 2; Gissendanner Decl., Exs. A & B.)  Plaintiffs later took out a $50,000 line of credit against their home equity, executing a second deed of trust. (Gissendanner Decl., Ex. D.)  Plaintiffs defaulted in March 2009, but no foreclosure process has yet begun.  Plaintiffs have not responded to Defendants' motion.

  Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to

summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

Plaintiffs have failed to offer evidence to establish a genuine issue of material fact, and the pleadings make clear that Defendants are entitled to summary judgment. Quite simply, the Complaint contains no allegations specifying conduct by Defendants. And, Plaintiffs offer nothing to rebut Defendants' assertions, suggesting that Defendants' motion has merit. *See* W.D. Wash. Local Rule 7(b)(2).

For the reasons stated above, the Defendants' Motion for Summary Judgment (Dkt. #10) is **GRANTED**.

Dated this 10th day of September 2012.

Ronald B. Leighton
United States District Judge